UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Buchanan,                                 Case No. 3:05-cv-7120

          Plaintiff,

        v.                                        MEMORANDUM OPINION
                                                            AND ORDER

Warren Burbury, et al.,

          Defendants.

### I.      INTRODUCTION AND BACKGROUND

In 2005, Charles Buchanan, an inmate at North Central Correctional Institution in Marion, Ohio ("NCCI"), filed a lawsuit alleging various NCCI officials were violating his constitutional rights by refusing to accommodate his religious beliefs and practices as a member of the Yahweh's New Covenant Assembly. (Doc. No. 1). Among these practices was Buchanan's "belief that he must conform to Jewish law and eat only kosher food." (*Id.* at 2). Judge David A. Katz entering a preliminary injunction requiring the Defendants to accommodate Buchanan's religious beliefs. (Doc. No. 30). The matter was subsequently settled and the litigation dismissed without prejudice on September 25, 2008. (Doc. No. 52).

On May 2, 2019, three inmates – Michael D. Fogt, Christopher Bruggeman, and Daniel W. Lytle – incarcerated at Pickaway Correctional Institution, where Buchanan currently is incarcerated, filed a motion seeking to intervene in this case, to substitute the appropriate officials at NCCI as Defendants, to initiate contempt proceedings against Defendants, and for the appointment of

counsel. (Doc. No. 53). Fogt, Bruggeman, and Lytle ("Intervenors") claim to be members of the Yahweh's New Covenant Assembly and assert Defendants are violating the settlement agreement which Buchanan and Defendants previously entered into. (*Id.* at 2-3). I was assigned to the case, as Judge Katz passed away in 2016.

The State of Ohio, as an interested party, filed a response in opposition to the motion to intervene. (Doc. No. 57). The state argues the motion to intervene is improper under Rule 24, that I should decline to exercise jurisdiction over the Intervenors' claim, and that the claims are barred by Eleventh Amendment Immunity. (*Id.*).

Intervenors filed a brief in reply. They argue they should be allowed to intervene pursuant to Rule 24, that I must exercise jurisdiction because they have asserted Defendants breached the settlement agreement, and that the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Supremacy Clause of the United States Constitution gives Intervenors a statutory right to intervene in the litigation. (Doc. No. 59).

For the reasons stated below, I deny the motion to intervene.

## II.　STANDARD

Rule 24 governs the circumstances under which a person can intervene in litigation involving other parties. A court must allow a person to intervene when the person is "given an unconditional right to intervene by a federal statute," or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2).

A court may permit a person to intervene when the person is "given a conditional right to intervene by a federal statute," or the person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)-(2).

### III. ANALYSIS

#### A. STATUTORY INTERVENTION

Intervenors first argue that the RLUIPA gives them a right to intervene. (Doc. No. 53 at 4-5). This argument falls short, as Intervenors fail to identify any provision in the RLUIPA which provides an unconditional or conditional right to intervene. *See* 42 U.S.C. § 2000cc, et seq.; *cf. E.E.O.C. v. GMRI, Inc.*, 221 F.R.D. 562, 563 (D. Kan. 2004) ("Section 706(f)(1) [of the Equal Employment Opportunities Act] provides that '[t]he person or persons aggrieved *shall have the right to intervene* in a civil action brought by the Commission.' ") (emphasis in original).

#### B. INTERVENTION AS OF RIGHT

A proposed party seeking to intervene in litigation as a matter of right must show:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.

*Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (quoting *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)).

An intervenor must first establish the motion to intervene is timely. Timeliness is evaluated in the context of "all relevant circumstances" and involves the consideration of the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990) (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Intervenors seek to re-start this litigation 11 years after it was dismissed, purportedly to seek relief for Defendants' alleged failure to adhere to the terms of the settlement agreement which resolved the litigation. (Doc. No. 53 at 3). Post-judgment motions to intervene are rare. The principal context in which they arise are for the purpose of appeal. In such cases, the "critical inquiry . . . is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977).

The only circumstance which might weigh in favor of a finding that Intervenors satisfy the timeliness requirement is that they filed their motion within approximately five weeks of the date on which they allege staff at Pickaway revoked their right to receive kosher meals. (Doc. No. 53 at 3). Intervenors do not indicate when (1) they learned of the settlement agreement, (2) submitted their Change of Religious Affiliation forms, or (3) first submitted their written requests for religious accommodation to receive kosher meals. (*Id.* at 2-3). I conclude Intervenors fail to establish their motion is timely.

Even if I were to assume Intervenors could satisfy the timeliness requirement, I conclude they fail to show their ability to protect their alleged legal interest in the subject matter of this case "may be impaired in the absence of intervention," or that "the parties already before the court may not adequately represent the proposed intervenor's interest." *Kirsch*, 733 F. App'x at 274.

Taking the latter point first, Intervenors offer no explanation as to why Buchanan – who currently is incarcerated at Pickaway – could not adequately represent their interests. The history of this case wholly supports the opposite conclusion, as Buchanan successfully obtained a preliminary injunction requiring Defendants to provide kosher meals as an appropriate accommodation for his religious beliefs, maintained that injunction on appeal to the Sixth Circuit Court of Appeals, and negotiated a settlement agreement under which Defendants and the Ohio Department of Rehabilitation and Correction agreed "to provide to Mr. Buchanan and other Sacred Name

4

Sabbatarians all of the Relief ordered by the District Court" in the preliminary injunction order. (Doc. No. 53-1 at 1).

Moreover, Intervenors fail to show their rights or interests would be impaired if their motion is not granted. This case was not a class action. The settlement agreement binds only the parties to that agreement and offers no barrier to the Intervenors' ability to seek redress for the alleged violations of their religious freedom. *See, e.g., Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002) ("The cases bear out that prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions.").

### C. PERMISSIVE INTERVENTION

Rule 24(b) also requires that the proposed intervenor establish the motion to intervene is timely. *Kirsch*, 733 F. App'x at 279. Moreover, Intervenors cannot identify a common question of fact or law simply by reiterating the allegations and arguments seek forth by one party in the litigation. *Id.* Intervenors have not established their motion was timely and seek only to step into Buchanan's shoes as a party in this case. Therefore, I conclude Intervenors have not demonstrated a basis to invoke permissive intervention under Rule 24(b).

### IV. CONCLUSION

For the reasons stated above, I deny the motion to intervene filed by Fogt, Bruggeman, and Lytle. (Doc. No. 53).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge